UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GABRIEL GRIFFIN,

        Petitioner,

v.                                                Case No. 15-C-323

MICHAEL HAFEMANN,

        Respondent.

**SCREENING ORDER**

Petitioner filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Milwaukee County Circuit Court of two misdemeanors arising out of a custody dispute.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time . . . .

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies. Petitioner asserts that the trial judge was biased against him in light of her ruling denying him a continuance to obtain defense counsel. He also argues his sentence was illegal.

Federal habeas review of state criminal judgments is highly deferential. The Antiterrorism and Effective Death Penalty Act (AEDPA) authorizes federal courts to grant a writ of habeas corpus only when the state-court proceeding "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(1)–(2).

Petitioner's first claim alleges that the judge was biased, as evidenced by the fact that the judge committed error by preventing Petitioner from obtaining defense counsel. It is true that the judge refused to allow an adjournment on the day of trial, which prevented him from obtaining counsel. But that ignores the fact that the judge had repeatedly admonished him to get a lawyer over the course of several pretrial proceedings. As recounted in some detail by the court of appeals, Petitioner had insisted on representing himself, citing a lack of faith in the public defender. And at the pretrial hearing, only three weeks before his trial, he never raised the notion of finding counsel on his own. It was only in response to one of the judge's adverse evidentiary rulings on the day of trial that the Petitioner said, "I want a different judge or a public defender." 2013 WI App 105, ¶ 11, 2013 WL 3884146 (Wis. Ct. App. 2013). The judge, unsurprisingly, denied the request, noting that Petitioner had plenty of time to find a lawyer prior to the day of the trial.

Citing state precedent, the court of appeals noted that the right to counsel is not absolute. Clearly, a defendant cannot insist on representing himself and then delay proceedings at his own whim just by citing the right to counsel. "There are times when the criminal justice system would be poorly served by allowing the defendant to reverse his course at the last minute and insist upon representation by counsel." *McCormick v. Adams,* 621 F.3d 970, 980 (9th Cir. 2010). Rights may

2

be invoked, and they may be waived. "A criminal defendant has a constitutional right to defend himself; and with rights come responsibilities. If at the last minute he gets cold feet and wants a lawyer to defend him he runs the risk that the judge will hold him to his original decision in order to avoid the disruption of the court's schedule that a continuance granted on the very day that trial is scheduled to begin is bound to cause." *United States v. Solina,* 733 F.2d 1208, 1211-12 (7th Cir. 1984).

The trial court and court of appeals reasonably found that it was too late for the Petitioner to change course and obtain a public defender. The jury had already been selected, and a postponement at that stage would have been unreasonable absent extreme circumstances. The state courts' rulings were therefore not unreasonable, and in no event can they be viewed as contrary to, or an unreasonable application of, any controlling Supreme Court precedent.

Petitioner also claims his bifurcated sentences were illegal. The problem with this claim is that Petitioner *won* on this issue in his state appeal, and so it is unclear why he is raising it again in this court. The case was remanded for resentencing, and there is no indication that Petitioner ever appealed the sentence imposed on remand. Since he already won in state court on his challenge to his original sentence and has failed to exhaust his state court remedies as to the sentence imposed on remand, he is not entitled to federal relief under § 2254.

THEREFORE, IT IS ORDERED that this petition is summarily **dismissed** pursuant to Rule 4 of the Rules Governing § 2254 Cases. The certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different

manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v McDaniel*, 529 U.S. 473, 484 (internal quotation marks omitted) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). If the court issues a certificate of appealability it must indicate on which specific issue or issues the petitioner has satisfied the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3). Here I conclude that the matters raised herein do not meet these standards, and a certificate of appealability will therefore be denied.

The petition is **DISMISSED** and a certificate of appealability is **DENIED**.

**SO ORDERED** this   30th   day of March, 2015.

                                                 s/ William C. Griesbach
                                                 William C. Griesbach, Chief Judge
                                                 United States District Court